JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Joseph Posimo and Andrea Posimo
625 Hoffenagle Street, Philadelphia, PA 19111

## DEFENDANTS

City of Philadelphia, Commissioner Charles Ramsey, Police Officer Robert Kane

**(b)** County of Residence of First Listed Plaintiff __Philadelphia__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant __Philadelphia__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

V Paul Bucci, II, Esquire
Laffey, Bucci & Kent, LLP, 1435 Walnut Street, 7th Floor

Attorneys (If Known)

John Coyle, Esq., City of Philadelphia, 1515 Arch Street, 14th Floor, Philadelphia, PA 19102

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☒ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Sec. 1983

Brief description of cause:
Civil Rights Violation under 42 U.S.C. Sec. 1983

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 1/14/14

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH POSIMO and | : | PHILADELPHIA COUNTY |
| ANDREA POSIMO, h/w | : | COURT OF COMMON PLEAS |
| 625 Hoffenagle Street | : | |
| Philadelphia, PA 19111 | : | DECEMBER TERM 2013 |
| | : | |
| Plaintiffs, | : | No. 002699 |
| | : | |
| v. | : | |
| | : | |
| THE CITY OF PHILADELPHIA | : | JURY TRIAL DEMANDED |
| 1515 Arch Street, 14th Floor | : | |
| Philadelphia, PA 19102 | : | |
| | : | |
| CHARLES RAMSEY | : | |
| One Franklin Square, Room 314 | : | |
| Philadelphia, PA 19106 | : | |
| | : | |
| ROBERT KANE | : | |
| 9300 Treaty Road | : | |
| Philadelphia, PA 19114 | : | |
| | : | |
| Defendants. | : | |

## NOTICE OF REMOVAL

**To the Honorable Judges of the United States District Court for the Eastern District of Pennsylvania.**

Pursuant to 28 U.S.C. § 1441, defendants, Commissioner Charles Ramsey, Polie Officer Robert Kane, and City of Philadelphia (hereinafter "petitioners") through their counsel, John Coyle, Assistant City Solicitor, respectfully petition for the removal of this action to the United States District Court for the Eastern District of Pennsylvania. In support thereof, defendants state the following:

1.     In December, 2013, plaintiffs initiated this action by a Complaint in the Court of Common Pleas in Philadelphia, December Term, 2013; No. 2699. (Exhibit A - Complaint).

2.  On December 31, 2013 said Complaint was served on Petitioner at 1515 Arch Street,

14th Floor, Philadelphia, Pennsylvania.

    3.  Plaintiffs  allege that they sustained damages when their civil rights were violated by the defendants. (Exhibit A ).

    4.  This action may be removed to this Court pursuant to 28 U.S.C. § 1441 since Plaintiff's Complaint contains allegations of violations of the plaintiff's Federal Civil Rights and seeks relief under 42 U.S.C. § 1983.  (Exhibit A)

    **Wherefore,** petitioners, Commissioner Charles Ramsey, Police Officer Robert Kane, and City of Philadelphia, respectfully request that the captioned Complaint be removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

Craig M. Straw
Chief Deputy City Solicitor

JOHN COYLE
Assistant City Solicitor
Attorney I.D. No. 312084
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
215-683-5434

Date: 1/14/14

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH POSIMO** and<br>**ANDREA POSIMO, h/w**<br>**625 Hoffenagle Street**<br>**Philadelphia, PA 19111** | : <br> : <br> : <br> : | **PHILADELPHIA COUNTY**<br>**COURT OF COMMON PLEAS**<br><br>**DECEMBER TERM 2013** |
| **Plaintiffs,** | : <br> : <br> : | No. 002699 |
| **v.** | : <br> : <br> : <br> : | |
| **THE CITY OF PHILADELPHIA**<br>**1515 Arch Street, 14th Floor**<br>**Philadelphia, PA 19102** | : <br> : <br> : <br> : | <u>**JURY TRIAL DEMANDED**</u> |
| **CHARLES RAMSEY**<br>**One Franklin Square, Room 314**<br>**Philadelphia, PA 19106** | : <br> : <br> : <br> : | |
| **ROBERT KANE**<br>**9300 Treaty Road**<br>**Philadelphia, PA 19114** | : <br> : <br> : <br> : | |
| **Defendants.** | : | |

<u>**NOTICE OF FILING OF REMOVAL**</u>

TO:   V. Paul Bucci, II, Esquire
        Laffey, Bucci & Kent, LLP
        7th Floor
        Philadelphia, PA 19102

        PLEASE TAKE NOTICE THAT on , defendants, Commissioner Charles Ramsey, Police

Officer Robert Kane, and City of Philadelphia filed, in the office of the Clerk of the United States

District Court for the Eastern District of Pennsylvania a verified Notice of Removal.

        A copy of this Notice of Removal is attached hereto and is also being filed with the Clerk

of the Court of Common Pleas of Philadelphia County, pursuant to Title 28, United States Code, Section 1446(e).

JOHN COYLE
Assistant City Solicitor
**Attorney I.D. No. 312084**
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
215-683-5434

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH POSIMO and** | : | **PHILADELPHIA COUNTY** |
| **ANDREA POSIMO, h/w** | : | **COURT OF COMMON PLEAS** |
| **625 Hoffenagle Street** | : | |
| **Philadelphia, PA 19111** | : | **DECEMBER TERM 2013** |
| | : | |
| Plaintiffs, | : | No. 002699 |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| | : | |
| **THE CITY OF PHILADELPHIA** | : | **JURY TRIAL DEMANDED** |
| **1515 Arch Street, 14th Floor** | : | |
| **Philadelphia, PA 19102** | : | |
| | : | |
| **CHARLES RAMSEY** | : | |
| **One Franklin Square, Room 314** | : | |
| **Philadelphia, PA 19106** | : | |
| | : | |
| **ROBERT KANE** | : | |
| **9300 Treaty Road** | : | |
| **Philadelphia, PA 19114** | : | |
| | : | |
| | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I, John Coyle, Assistant City Solicitor, do hereby certify that a true and correct copy of
the attached Notice of Removal has been served upon the following by First Class Mail, postpaid,
on the date indicated below:

TO:   V. Paul Bucci, II, Esquire
      Laffey, Bucci & Kent, LLP
      7th Floor
      Philadelphia, PA 19102

**JOHN COYLE**
**Assistant City Solicitor**
**Attorney ID No. 312084**
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
215-683-5434

Date: ___1/14/14___

Exhibit "A"

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

**DECEMBER 2013**    **002699**

For Prothonotary Use Only (Docket Number)

Filing Number: 1312036113

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| JOSEPH POSIMO | CITY OF PHILADELPHIA |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 625 HOFFENAGLE STREET<br>PHILADELPHIA PA 19111 | 1515 ARCH STREET 14TH FLOOR<br>PHILADELPHIA PA 19102 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| ANDREA POSIMO | CHARLES RAMSEY |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 625 HOFFENAGLE STREET<br>PHILADELPHIA PA 19111 | ONE FRANKLIN SQUARE ROOM 314<br>PHILADELPHIA PA 19106 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | ROBERT KANE |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 9300 TREATY ROAD<br>PHILADELPHIA PA 19114 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION | | |
|---|---|---|---|---|
| 2 | 3 | ☒ Complaint<br>☐ Writ of Summons | ☐ Petition Action<br>☐ Transfer From Other Jurisdictions | ☐ Notice of Appeal |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☒ Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

| CASE TYPE AND CODE |
|---|
| 20 - PERSONAL INJURY - OTHER |

| STATUTORY BASIS FOR CAUSE OF ACTION |
|---|
| |

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | IS CASE SUBJECT TO COORDINATION ORDER? |
|---|---|
| **FILED**<br>**PRO PROTHY**<br><br>DEC **20** 2013<br><br>J. MURPHY | YES     NO |

---

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>JOSEPH POSIMO , ANDREA POSIMO</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| V PAUL BUCCI II | LAFFEY, BUCCI & KENT, LLP<br>1435 WALNUT STREET<br>7TH FLOOR<br>PHILADELPHIA PA 19102 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (215)399-9252 | (215)241-8700 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 87394 | pbucci@lbk-law.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| V PAUL BUCCI II | Friday, December 20, 2013, 11:32 am |

FINAL COPY (Approved by the Prothonotary Clerk)

**LAFFEY, BUCCI & KENT, LLP**
IDENTIFICATION NO.: 87394/316461
V. PAUL BUCCI, ESQUIRE/STEPHEN T. KULP. ESQUIRE
1435 WALNUT STREET, 7th FLOOR
PHILADELPHIA, PA 19102
(215) 399-9255

ATTORNEYS FOR PLAINTIFF

| | |
|---|---|
| JOSEPH POSIMO and<br>ANDREA POSIMO, h/w<br>625 Hoffenagle Street<br>Philadelphia, PA 19111<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF PHILADELPHIA<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102<br><br>CHARLES RAMSEY<br>One Franklin Square, Room 314<br>Philadelphia, PA 19106<br><br>ROBERT KANE<br>9300 Treaty Road<br>Philadelphia, PA 19114<br>Defendants. | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS<br><br><br>TERM, 2013<br><br>No.<br><br><br>JURY TRIAL DEMANDED |

## NOTICE TO DEFEND

| NOTICE | "AVISO |
|---|---|
| "You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgement may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | "Le han demandado a usted en la corte. Si usted quiere defenderse do estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias, de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparenca escrita o en persona o con un abagado y entregar a la corte en forma escrita sus defensas o sus objecciones a las demandas en contra de su persona. Sea avisado que si usted no de defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificaion. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| "YOU SHOULD TAKE THIS PAPER TO YOU LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. | "LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABAGADO O SI NO TIENE EL DINERO SUFICIENTE DE PARGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL |
| PHILADELPHIA BAR ASSOCIATION<br>LAWYER REFERRAL and INFORMATION SERVICE<br>One Reading Center<br>Philadelphia, Pennsylvania 19107<br>(215) 238-1701" | ASSOCIACION DE LICENDIADOS DE FILADELFIA<br>SERVICO DE REFERENCIA E INFORMACION LEGAL<br>One Reading Center<br>Filadelfia, Pennsylvania 19107<br>Telefono: (215) 238-1701" |

Case ID: 131202699

## COMPLAINT

1.     Plaintiffs, Joseph Posimo and Andrea Posimo, h/w, are adult individuals residing at 625 Hoffnagle Street, Philadelphia, PA 19111.

2.     Upon information and belief, Defendant, Robert Kane, is a citizen and resident of Philadelphia County, Pennsylvania, and was at all times material to the allegations in this Complaint, acting in his capacity as a Police Officer/Detective employed by the City of Philadelphia and was acting under color of state law.

3.     The Defendant, Charles Ramsey, is a citizen and resident of Philadelphia County, Pennsylvania, and was at all times material to the allegations in this Complaint, acting in his capacity as a Commissioner of the Police Department of the City of Philadelphia and was acting under color of state law.  Defendant Ramsey was at all times material hereto responsible for the supervision and training of Defendant Kane.  Defendant Ramsey, as the Commissioner of the Police Department, is further responsible for making and/or implementing policies and practices used by law enforcement officers employed by the City of Philadelphia regarding arrests, investigations and detentions.

4.     The Defendant, City of Philadelphia, is a municipality of the Commonwealth of Pennsylvania for which Defendant Kane serves as police officer/detective and Defendant Ramsey serves as Police Commissioner.  The City of Philadelphia is responsible for the training and supervision of Defendants Ramsey and Kane.  The City of Philadelphia has established and implemented policies, practices, procedures, and customs used by law enforcement officials employed by the City regarding probable cause, arrests, investigations and detentions.

5.     Defendants, City of Philadelphia and Commissioner Charles Ramsey, are being sued, *inter alia,* for their failure to adopt and maintain adequate policies practices, procedures,

- 2 -

Case ID: 13120269

and customs in the Philadelphia Police Department that would have prevented the injuries sustained by Plaintiffs.

6.     On or about January 7, 2012, Plaintiff, Joseph Posimo, was arrested at the place of his employment, in front of customers and co-workers, and removed from the premises in handcuffs on charges of theft and conspiracy to commit theft.

7.     It is believed and therefore averred that a warrant was contemporaneously issued and instituted against Plaintiff, Andrea Posimo.

8.     After Joseph Posimo's arrest, Plaintiff, Andrea Posimo communicated with the fifteenth (15th) police district regarding the charges against Plaintiffs.

9.     It is believed and therefore averred, at all times relevant hereto, Plaintiff, Andrea Posimo relied on the communications made by and between Plaintiff and Defendants' agents, employees, and/or servants and workmen at the fifteenth (15th) police district.

10.     It is believed and therefore averred that Plaintiff, Andrea Posimo, was informed that Plaintiffs' criminal charges were being directed to the Domestic Affairs unit and that her warrant was not for her arrest.

11.     It is believed and therefore averred that Philadelphia Police Detective Killman, of Domestic Affairs, assured Plaintiff, Andrea Posimo, she would not be arrested if Plaintiff agreed to meet with Detective Killman regarding charges against Plaintiff, Joseph Posimo.

12.     However, on January 10, 2012, Plaintiff Andrea Posimo was arrested at her place of residence, in front of her son, located at 625 Hoffnagle Street, Philadelphia, Pennsylvania 19111.

13.     At the time of her arrest, Plaintiff, Andrea Posimo, was thrown against a refrigerator by two police officers and two detectives and subsequently handcuffed.

- 3 -

Case ID: 13120269

14.     As a result of Plaintiff, Andrea Posimo's arrest, Plaintiff was processed and confined overnight at the fifteenth (15th) police district.

15.     It is believed and therefore averred that Plaintiffs' arrests were made with knowledge that there was no probable cause to arrest. Rather, the arrests were made as a result of purely personal motivation and reasons of Detective Kane and his family, and that approval of said warrants/arrests were as a result of the policies and procedures of the fifteenth (15th) police district and/or Philadelphia Police Department.

16.     Upon release, Plaintiffs filed a formal complaint against the City of Philadelphia Police Department.

17.     It is believed and therefore averred that the Domestic Affairs Unit conducted an investigation based on Plaintiffs' Complaint which was referred to Captain McGinnis on or about May 24, 2012 and resulted in disciplinary action being taken against Detective Kane.

18.     Each of the Defendants, individually, and in concert with the others, acted under color of law in his/their official capacity, to deprive the Plaintiffs of their rights to freedom from illegal searches and seizure of his person; his rights to freedom from unlawful arrest, bodily restraints, physical punishment, detention, and imprisonment; and his right to freedom from cruel and unusual punishment in the form of the use of excessive and unnecessary force.

19.     The Defendants, Charles Ramsey and the City of Philadelphia, failed to adequately supervise the Defendant, Robert Kane and his supervisors at the Fifteenth (15th) District.

20.     At the time of the incidents alleged herein and before, the Plaintiffs were emotionally and physically healthy, active, and fully capable of engaging in normal day-to-day activities. Since the time of Plaintiffs' false arrest, assault, battery, false imprisonment, and cruel

- 4 -

and unusual punishment at the hands of Defendant Officers, Plaintiffs have required medical care and attention to treat anxiety, high blood pressure, sleeplessness, and depression.

21.    As a direct and proximate result of the intentional and/or negligent acts of the Defendants, the incapacitated Plaintiffs have suffered severe mental and physical injury.

22.    As a direct and proximate result of the intentional and/or negligent acts of the Defendants, Plaintiffs have incurred and continue to incur medical expenses for the treatment of Plaintiffs' injuries.

23.    As a direct and proximate result of the intentional and/or negligent conduct of Defendants, Plaintiffs have suffered a loss of earnings, earnings capacity, and a loss of life's pleasures.

24.    As a direct and proximate result of the intentional and/or negligent conduct of Defendants, Plaintiffs were caused to expend sums of money to defend themselves in the Court proceedings relating to the false arrests.

25.    Plaintiffs are entitled to compensation for the constitutional harms inflicted upon them by the Defendants including personal injury and loss of liberty.

### COUNT I
### Violation of Civil Rights Pursuant to 42 U.S.C. § 1983
### Plaintiffs v. All Defendants

26.    Plaintiffs incorporate herein by reference the allegations set forth in paragraphs 1-25 of this Complaint.

27.    In committing the acts complained of herein, Defendants acted under color of state law to deprive the incapacitated plaintiffs of certain constitutionally protected rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America including, but not limited to: a) the right to be free from unreasonable searches and

- 5 -

Case ID: 131202699

seizures; b) the right not to be deprived of liberty without due process of law; c) the right to be free from excessive use of force by person acting under color of state law; d) the right to be free from false arrest; e) the right to be free from cruel and unusual punishment; and f) the right to be free from bodily restraint.

28.     In violating Plaintiffs' rights set forth above and other rights that will be proven at trial, Defendants acted under color of state law and conducted an unauthorized, illegal, and false arrest of Plaintiffs.   The false arrest set into motion the chain of events that led to the unauthorized and excessive use of force by the Defendants, unconstitutional bodily restraint, false imprisonment, as well as cruel and unusual punishment by the Defendants in violation of Plaintiffs' rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution.

29.     As a direct and proximate result of the violation of Plaintiffs, Joseph and Andrea Posimo's constitutional rights by the Defendants, Plaintiffs suffered the general and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. § 1983.

**WHEREFORE**, Plaintiffs, Joseph Posimo and Andrea Posimo, h/w, claim of defendants, jointly and severally, a sum in excess of fifty-thousand dollars ($50,000.00) in damages, exclusive of interest and costs, delay damages, pursuant to Pa.R.C.P. 238 and attorneys' fees and brings this action to recover the same.

**COUNT II**
**Violation of Civil Rights Pursuant to 42 U.S.C. § 1983**
**(Failure to Implement Appropriate Policies, Customs, and Practices)**
**Plaintiffs v. All Defendants**

30.     Plaintiffs incorporate herein by reference the allegations set forth in paragraphs 1-29 of this Complaint.

Case ID: 131202699

31.     Defendant Charles Ramsey, in his capacity as Commissioner of the Police Department of the City of Philadelphia, and Defendant City of Philadelphia implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices that included, *inter alia*, allowing employees of the police department to make false arrests, falsely imprison detainees and improper use of restraints on detainees.

32.     The failure of the Police Commissioner, Charles Ramsey, and the City of Philadelphia to adequately train and supervise Defendant, Robert Kane and his supervisors in the Fifteenth (15th) District, amounts to deliberate indifference to the rights of Plaintiffs, Joseph and Andrea Posimo, to be free from false arrest and imprisonment, excessive force, and cruel and unusual punishment under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

33.     As a result of the deliberate indifference to the rights of Plaintiffs, Plaintiffs suffered personal injuries and additional damages and are entitled to relief under 42 U.S.C. § 1983.

34.     In committing the acts complained of herein, Defendants acted under color of state law to deprive the incapacitated plaintiffs of certain constitutionally protected rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America including, but not limited to: a) the right to be free from unreasonable searches and seizures; b) the right not to be deprived of liberty without due process of law; c) the right to be free from excessive use of force by person acting under color of state law; d) the right to be free from false arrest; e) the right to be free from cruel and unusual punishment; and f) the right to be free from bodily restraint.

Case ID: 131202699

WHEREFORE, Plaintiffs, Joseph Posimo and Andrea Posimo, h/w, claim of defendants, jointly and severally, a sum in excess of fifty-thousand dollars ($50,000.00) in damages, exclusive of interest and costs, delay damages, pursuant to Pa.R.C.P. 238 and attorneys' fees and brings this action to recover the same.

**COUNT III**
**Violation of Civil Rights Pursuant to 42 U.S.C. § 1983**
**(Use of Excessive Force)**
**Plaintiffs v. All Defendants**

35.    Plaintiffs incorporate herein by reference the allegations set forth in paragraphs 1-34 of this Complaint.

36.    The Defendant, City of Philadelphia, has adopted policies, procedures, practices or customs within the Philadelphia Police Department that allow, *inter alia*, the use of excessive force, including excessive and improper use of the restraints and imprisonment.

37.    The actions of Defendant, City of Philadelphia, amount to deliberate indifference to the rights of Plaintiffs, Joseph and Andrea Posimo, to be free from excessive force and unreasonable searches and seizures under the Fourth and Fourteenth Amendments to the Constitution of the United States.

38.    As a result of the deliberate indifference to the right of Plaintiffs and excessive force exercised by the Defendants, Plaintiffs suffered personal injuries and additional damages and are entitled to relief under 42 U.S.C. § 1983.

WHEREFORE, Plaintiffs, Joseph Posimo and Andrea Posimo, h/w, claim of defendants, jointly and severally, a sum in excess of fifty-thousand dollars ($50,000.00) in damages, exclusive of interest and costs, delay damages, pursuant to Pa.R.C.P. 238 and attorneys' fees and brings this action to recover the same.

- 8 -

## COUNT IV
### Violation of Civil Rights Pursuant to 42 U.S.C. § 1983
### (False Arrest)
### Plaintiffs v. All Defendants

39.     Plaintiffs incorporate herein by reference the allegations set forth in paragraphs 1-38 of this Complaint.

40.     In committing the acts complained of herein, Defendant Robert Kane acted under color of state law by falsely arresting and detaining the Plaintiffs with no basis in fact or law to do so.  In violating Plaintiffs' right to be free from false arrest, the Defendants violated Plaintiff's rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

41.     As a direct and proximate result of the violation of their constitutional right to be free from false arrest by the Defendants, Plaintiffs suffered personal injuries and additional damages and are entitled to relief under 42 U.S.C. § 1983.

**WHEREFORE**, Plaintiffs, Joseph Posimo and Andrea Posimo, h/w, claim of defendants, jointly and severally, a sum in excess of fifty-thousand dollars ($50,000.00) in damages, exclusive of interest and costs, delay damages, pursuant to Pa.R.C.P. 238 and attorneys' fees and brings this action to recover the same.

## COUNT V
### Violation of Civil Rights Pursuant to 42 U.S.C. § 1983
### (Cruel and Unusual Punishment)
### Plaintiffs v. All Defendants

42.     Plaintiffs incorporate herein by reference the allegations set forth in paragraphs 1-41 of this Complaint.

43.     Defendants violated the rights of Plaintiffs, Joseph and Andrea Posimo, by placing Plaintiffs in restraints and imprisoning them while no basis in fact or law supported an

- 9 -

Case ID: 131202699

arrest. This conduct on the part of Defendants amounted to unlawful punishment of a pretrial detainee without adjudication of guilt in violation of Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States.

44.     As a direct and proximate result of Defendants actions, which were in violation of Plaintiffs constitutional rights outlined above, Plaintiffs suffered personal injuries and additional damages and are entitled to relief under 42 U.S.C. § 1983.

**WHEREFORE**, Plaintiffs, Joseph Posimo and Andrea Posimo, h/w, claim of defendants, jointly and severally, a sum in excess of fifty-thousand dollars ($50,000.00) in damages, exclusive of interest and costs, delay damages, pursuant to Pa.R.C.P. 238 and attorneys' fees and brings this action to recover the same.

<u>COUNT VI</u>
(Negligence)
<u>Plaintiffs v. All Defendants</u>

45.     Plaintiffs incorporate herein by reference the allegations set forth in paragraphs 1-44 of this Complaint.

46.     Defendants, the City of Philadelphia and Ramsey owed Plaintiffs a duty to use due care at or about the time of the aforementioned incident.

47.     In committing the aforementioned acts and/or omissions, each Defendant negligently breached said duty to use due care, which directly and proximately resulted in the injuries and damages to the Plaintiffs as alleged herein.

**WHEREFORE**, Plaintiffs, Joseph Posimo and Andrea Posimo, h/w, claim of defendants, jointly and severally, a sum in excess of fifty-thousand dollars ($50,000.00) in damages, exclusive of interest and costs, delay damages, pursuant to Pa.R.C.P. 238 and attorneys' fees and brings this action to recover the same.

- 10 -

Case ID: 131202699

## COUNT VII
### (Assault and Battery)
### Plaintiffs v. All Defendants

48.     Plaintiffs incorporate herein by reference the allegations set forth in paragraphs 1-47 of this Complaint.

49.     The aforesaid acts of the Defendants constitute an assault and battery upon the persons of Plaintiffs, Joseph and Andrea Posimo, and represent conduct that his outrageous and intolerable in a civilized society.

50.     The Defendants' actions were committed during the course and scope of their employment with the Philadelphia Police Department and while acting under color of state law.

51.     As a direct and proximate result of the assault and battery committed by the Defendants, Plaintiffs were caused to suffer the severe and permanent physical injuries outlined herein and is entitled to economic and non-economic damages.

**WHEREFORE**, Plaintiffs, Joseph Posimo and Andrea Posimo, h/w, claim of defendants, jointly and severally, a sum in excess of fifty-thousand dollars ($50,000.00) in damages, exclusive of interest and costs, delay damages, pursuant to Pa.R.C.P. 238 and attorneys' fees and brings this action to recover the same.

## COUNT VIII
### (Intentional Infliction of Emotional Distress)
### Plaintiffs v. All Defendants

52.     Plaintiffs incorporate herein by reference the allegations set forth in paragraphs 1-51 of this Complaint.

53.     The aforesaid intentional acts of the Defendant, Robert Kane, by and through his false arrest, imprisonment and unsubstantiated charges against Plaintiffs constitutes

Case ID: 13120269

intentional infliction of emotional distress upon the persons of Plaintiffs, Joseph and Andrea Posimo.

54.     The Defendant's actions were committed during the course and scope of their employment with the Philadelphia Police Department and while acting under color of state law.

55.     As a direct and proximate result of the assault and battery committed by the Defendants, Plaintiffs were caused to suffer the severe and permanent physical injuries outlined herein and is entitled to economic and non-economic damages.

WHEREFORE, Plaintiffs, Joseph Posimo and Andrea Posimo, h/w, claim of defendants, jointly and severally, a sum in excess of fifty-thousand dollars ($50,000.00) in damages, exclusive of interest and costs, delay damages, pursuant to Pa.R.C.P. 238 and attorneys' fees and brings this action to recover the same.

**COUNT IX**
**(Negligent Infliction of Emotional Distress)**
**Plaintiffs v. All Defendants**

56.     Plaintiffs incorporate herein by reference the allegations set forth in paragraphs 1-55 of this Complaint.

57.     The aforesaid acts and/or omissions of Defendants, by and through their negligent supervision of its agents, employees, officers, and/or workmen, constitute negligent infliction of emotional distress upon the persons of Plaintiffs, Joseph and Andrea Posimo.

58.     The Defendant's actions were committed during the course and scope of their employment with the Philadelphia Police Department and while acting under color of state law.

Case ID: 13120269

59.   As a direct and proximate result of the assault and battery committed by the Defendants, Plaintiffs were caused to suffer the severe and permanent physical injuries outlined herein and is entitled to economic and non-economic damages.

**WHEREFORE**, Plaintiffs, Joseph Posimo and Andrea Posimo, h/w, claim of defendants, jointly and severally, a sum in excess of fifty-thousand dollars ($50,000.00) in damages, exclusive of interest and costs, delay damages, pursuant to Pa.R.C.P. 238 and attorneys' fees and brings this action to recover the same.

Respectfully submitted,

LAFFEY, BUCCI & KENT, LLP

By: _____
V. PAUL BUCCI, II, ESQUIRE
Attorneys for Plaintiffs

Date:   December 20, 2013

- 13 -

Case ID: 131202699

## VERIFICATION

V. PAUL BUCCI, II, ESQUIRE, hereby state that I am the attorney for the Plaintiff, in the foregoing lawsuit, and verify that the statements made in the foregoing Complaint, are true and correct to the best of my knowledge, information and belief, and I understand that the statements in said pleading are made subject to the penalties of 18 Pa. C.S.A. Section 4904 relating to unsworn falsification to authorities.

LAFFEY, BUCCI & KENT, LLP

BY: _____
V. PAUL BUCCI, II, ESQUIRE

Dated: December 20, 2013

- 14 -

Case ID: 13120269

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA – DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:   625 Hoffenagle Street, Philadelphia, PA 19111

Address of Defendant:   City of Philadelphia Law Department, 1515 Arch Street, 14th Floor, Philadelphia, PA 19102

Place of Accident, Incident or Transaction:   625 Hoffenagle Street, Philadelphia, PA 19111
                               *(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
    (Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)).     Yes ☐     No ☐

Does this case involve multidistrict litigation possibilities?     Yes ☐     No ☐

*RELATED CASE IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
                                                                   Yes ☐     No ☐

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
                                                                   Yes ☐     No ☐

3.  Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
                                                                   Yes ☐     No ☐

CIVIL: (Place   in ONE CATEGORY ONLY)

A. *Federal Question Cases:*                                       B. *Diversity Jurisdiction Cases:*

1.  ☐  Indemnity Contract, Marine Contract, and All  Other  Contracts    1. ☐  Insurance Contract and Other Contracts
2.  ☐  FELA                                                        2. ☐  Airplane Personal Injury
3.  ☐  Jones Act -- Personal Injury                                3. ☐  Assault, Defamation
4.  ☐  Antitrust                                                   4. ☐  Marine Personal Injury
5.  ☐  Patent                                                      5. ☐  Motor Vehicle personal Injury
6.  ☐  Labor-Management Relations                                  6. ☐  Other Personal Injury (Please specify)
7.  ☐  Civil Rights                                                7. ☐  Products Liability
8.  ☐  Habeas Corpus                                               8. ☐  Products liability - Asbestos
9.  ☐  Securities Act(s) Cases                                     9. ☐  All other Diversity Cases
10. ☐  Social Security Review Cases                                (Please specify)
11. ☐  All Other Federal Questions Cases (Please specify)

### ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, John Coyle_____, counsel of record do hereby certify:

    ☐  Pursuant to Local Rule 53.3 A, civil rights cases are excluded from arbitration.

    ☐  Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

    ☐  Relief other than monetary damages is sought.

DATE: _____    John Coyle, Esquire          312084
                             Attorney-at-Law           Attorney I.D. #

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____    John Coyle, Esquire          312084
                                                       Attorney I.D. #

CIV. 609 (4/03)                                    Attorney-at-Law

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH POSIMO and** | : | **PHILADELPHIA COUNTY** |
| **ANDREA POSIMO, h/w** | : | **COURT OF COMMON PLEAS** |
| **625 Hoffenagle Street** | : | |
| **Philadelphia, PA 19111** | : | **DECEMBER TERM 2013** |
| | : | |
| **Plaintiffs,** | : | No. 002699 |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| **THE CITY OF PHILADELPHIA** | : | **JURY TRIAL DEMANDED** |
| **1515 Arch Street, 14th Floor** | : | |
| **Philadelphia, PA 19102** | : | |
| | : | |
| **CHARLES RAMSEY** | : | |
| **One Franklin Square, Room 314** | : | |
| **Philadelphia, PA 19106** | : | |
| | : | |
| **ROBERT KANE** | : | |
| **9300 Treaty Road** | : | |
| **Philadelphia, PA 19114** | : | |
| | : | |
| **Defendants.** | : | |

### CASE MANAGEMENT TRACK DESIGNATION FORM

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)  Habeas Corpus -- Cases brought under 28 U.S.C. §2241through § 2255.                                    (   )

(b)  Social Security -- Cases requesting review of a decision of the Secretary of Health
      and Human Services denying plaintiff Social Security Benefits.                                                 (   )

(c)  Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.       (   )

(d)  Asbestos -- Cases involving claims for personal injury or property damage from

exposure to asbestos.                                                     (   )

(e)  Special Management -- Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court.  (See reverse side of this form for a detailed explanation of special
     management cases.)                                                   (   )

(f)  Standard Management -- Cases that do not fall into any one of the other tracks.   ( **X** )

_1/14/14_                _John Coyle, Esq._                _Defendants_
Date                                                      Attorney for

**(215) 683-5447**            **(215) 683-5397**              **john.coyle@phila.gov**

Telephone                FAX Number                       E-mail Address

(Civ. 660) 10/02